IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID MALONE, #175140,                    )
                                          )
        Plaintiff,                        )
                                          )
    v.                                    )     CIVIL ACTION NO. 2:10-CV-531-TMH
                                          )
WILLIAM W. WYNNE, JR., *et al.*,          )
                                          )
        Defendants.                       )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint

filed by David Malone ["Malone"], a state inmate, in which he challenges alleged adverse

actions taken by members of the Alabama Board of Pardons and Paroles with respect to the

May 19, 2010 decision to deny him parole.  Specifically, Malone complains that the

defendants denied him parole in retaliation for filing civil lawsuits, acted in violation of state

law and  deprived him of equal protection by granting parole to other inmates with more

serious criminal convictions and/or worse prison disciplinary records.  *Amended Complaint -*

*Doc. No. 12*.  Malone names parole board members William W. Wynne, Jr., Cliff Walker and

Robert P. Longshore as defendants in this cause of action.  He seeks declaratory relief

regarding the parole consideration process utilized to deny him parole.  *Amendment to*

*Complaint - Doc. No. 41*.[1]

The defendants filed a special report, a supplemental special report and supporting evidentiary materials addressing Malone's claims for relief.  Pursuant to the orders entered in this case, the court deems it appropriate to treat these reports as a motion for summary judgment.  *Order of November 18, 2010 - Doc. No. 31*.  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2]  The party moving

---

[1]  In a § 1983 action challenging the denial of parole, an inmate may proceed on claims for relief that "would [not] necessarily spell speedier release . . . ."  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  Thus, the only relief available to Malone in this cause of action on his challenge to the May 19, 2010 denial of parole is a new parole consideration hearing absent the alleged violations of his constitutional rights.

[2]  Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed. R. Civ. P. 56 Advisory Committee Notes.  Under this revision,

for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [– now dispute –] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."). A genuine dispute of material fact exists when the

---

"[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id.* "'Shall' is also restored to express the direction to grant summary judgment." *Id.* Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

nonmoving party produces evidence that would allow a reasonable fact-finder to return a

verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts

> must distinguish between evidence of disputed facts and disputed matters of
> professional judgment. In respect to the latter, our inferences must accord
> deference to the views of [parole] authorities. Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted). Consequently, to survive the defendants' properly supported motion for

summary judgment, Malone is required to produce "sufficient [favorable] evidence" which

would be admissible at trial supporting his claims of constitutional violations. *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e). "If the evidence [on

which the nonmoving party relies] is merely colorable . . . or is not significantly probative

. . . summary judgment may be granted." *Id*. at 249-50. "A mere 'scintilla' of evidence

supporting the opposing party's position will not suffice; there must be enough of a showing

that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477

U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573,

1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise

insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose

a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d

1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A

4

plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude

entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906

6

F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Malone fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

### III.  RELEVANT FACTS

In December of 1993, the Circuit Court of Houston County, Alabama convicted Malone of unlawful distribution of a controlled substance pursuant to his guilty plea to this offense.  The trial court sentenced Malone to 25 years imprisonment for this conviction.  The parole board granted Malone release on parole in 2001.  However, this term of parole was revoked on October 18, 2004.  *Defendants' Exhibit A - Doc. No. 24-1* at 1.  Malone has been considered for parole on several occasions since his return to prison on the parole revocation but has been denied parole after each respective parole consideration hearing.  The decision to deny Malone parole relevant to the pending claims for relief occurred on May 19, 2010.[3] The record demonstrates that this denial of parole occurred because Malone failed to persuade a majority of parole board members that he is an acceptable risk for release on parole.  *Defendants' Exhibit K (Aff. of Robert P. Longshore) - Doc. No. 24-1* at 1-2 and *Defendants' Exhibit L (Aff. of Cliff Walker) - Doc. No. 24-1* at 3-4.

### IV.  DISCUSSION

---

[3]  It is undisputed that only defendants Walker and Longshore participated in this decision to deny parole.

Malone asserts that the defendants violated his constitutional rights when they issued the May 19, 2010 decision to deny him parole.  Specifically, Malone complains that in issuing this adverse decision the defendants (i) retaliated against him for filing numerous civil actions on behalf of himself and other inmates challenging the treatment of inmates confined in the Alabama prison system, (ii) circumvented state law, and (iii) deprived him of equal protection.[4]  These claims entitle Malone to no relief from this court.

## A.  Retaliation

Malone alleges that the denial of parole occurred in retaliation for his filing civil actions challenging the treatment afforded inmates incarcerated in the custody of the Alabama Department of Corrections.  *Amended Complaint - Doc. No. 12* at 1.  The defendants, however, adamantly deny this allegation and maintain that the denial of parole occurred after a requisite evaluation of information contained in Malone's records, including the nature of his criminal offense, prior parole failure, the potential for future criminal activity and the investigative report prepared by the institutional parole officer, and their determination that Malone should not be released on parole.  *Defendants' Exhibit K (Aff. of Robert P. Longshore) - Doc. No. 24-1* at 1-2 and *Defendants' Exhibit L (Aff. of Cliff Walker) - Doc. No. 24-1* at 3-4.

The law is well settled that "[t]he first amendment prohibits state officials from

---

[4]  The court construes the circumvention of state law claim to entail a general due process claim.

retaliating against prisoners for exercising their right of [access to the courts].  *See, e.g., Wright v. Newsome*, [795 F.2d 964, 968 (11th Cir. 1986)] . . . .  The gist of a retaliation claim is that a prisoner is penalized for exercising a [protected] right . . . ."  *Thomas v. Evans*, 880 F.2d 1235, 1241-42 (11th Cir. 1989); *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).  An alleged act of retaliation in the context of a prisoner civil rights action is, however, especially complicated as inmates often attempt to "inappropriately insulate themselves from [adverse decisions or] actions by drawing the shield of retaliation around them."  *Woods*, 60 F.3d at 1166.

It is essential that federal courts "carefully scrutinize retaliation claims" brought by prisoners challenging adverse actions of state officials.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied sub nom Palermo v. Woods*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996).  "[C]ourts must approach prisoner claims of retaliation with skepticism and particular care.  *See Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir. 1983).  This is [necessary because prisoners'] . . . claims of retaliation are . . . easily fabricated [and] pose a substantial risk of unwarranted judicial intrusion into matters of general . . . administration [of the parole system].  This is so because virtually any adverse action taken against a prisoner by a [parole] official–even those otherwise not rising to the level of a constitutional violation–can be characterized [by the prisoner] as a constitutionally proscribed retaliatory act."  *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

9

To proceed on a claim for retaliation and withstand the entry of summary judgment, an "inmate must establish . . . three elements:  (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [defendants'] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech.  *See Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)."  *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008); *Thaddeus-X v. Blatter*, 175 F.3d 378, 397 (6th Cir. 1999).  An inmate has the initial burden of establishing a prima facie case of unlawful retaliation by showing "that his conduct was constitutionally protected and that this conduct . . . was a 'motivating factor'" behind the adverse action of the defendant.  *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. At 576.  It is well established that merely alleging the ultimate fact of retaliation is insufficient.  *Cain v. Lane*, 857 F.2d 1139, 1142, n.6 (7th Cir. 1988); *Woods*, 60 F.3d at 1166.  Additionally, conclusory allegations are insufficient to demonstrate the existence of each element requisite to establishing retaliation.  *Morales*, 278 F.3d at 131; *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (Because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations.").  With respect to the causal relationship element, a prisoner must demonstrate that state officials intended to retaliate for his exercise of a right protected under the First Amendment and, but for the retaliatory motive, the adverse act complained of would not have occurred.  *Woods*, 60 F.3d at 1166; *Smith*, 532 F.3d at 1278.

Malone asserts that he filed numerous civil actions addressing conditions within the Alabama prison system and alleges that the decision to deny him parole occurred in retaliation for his filing these civil actions, thus satisfying the first element of his retaliation claim. *Smith*, 532 F.3d at 1277. The second element requires Malone to demonstrate that the denial of parole to him "would likely deter a [prisoner] of ordinary firmness" from accessing the courts. *Id*. This "presents an objective standard and a factual inquiry." *Id*. It does not appear that Malone has established this element of his retaliation claim. Nevertheless, assuming *arguendo* demonstration of this element, Malone fails to satisfy the third requisite element of a retaliation claim – a causal connection between his constitutionally protected activity and the adverse action of the defendants.

The causal connection inquiry focuses on the "subjective motivation of the defendants[,]" *Thaddeus-X*, 175 F.3d at 399, and this court must therefore determine "whether the defendants [in denying parole] were subjectively motivated" by Malone exercising his right of access to the courts. *Smith*, 532 F.3d at 1278. The subjective motivation issue is resolved by most courts under the burden-shifting formula set forth in *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576 (1977). This formula requires that the plaintiff first meet "his burden of establishing that his protected conduct was a motivating factor behind any harm" and then "the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary

11

judgment." *Thaddeus-X*, 175 F.3d at 399, referencing the *Mt. Healthy* motive analysis.  If an inmate meets his burden with appropriate evidence, the burden of production shifts to the defendant to show that he "would have reached the same [adverse] decision . . . even in the absence of the protected conduct." *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576.  "Under the *Mt. Healthy* approach, if the government official 'can prove that [he] would have taken the adverse action in the absence of the plaintiff's protected conduct, [he] cannot be held liable.' *Thaddeus-X*, 175 F.3d at 388 n.4 . . . ." *Smith*, 532 F.3d at 1278 n.22.

The defendants deny the allegation of retaliation and argue that the decision to deny parole was based solely on their determination, after reviewing all relevant and necessary records, that Malone should not be granted release on parole.  Malone offers only his conclusory allegation of ultimate fact that the defendants retaliated against him for filing lawsuits.  This allegation is insufficient to defeat summary judgment. *Waddell*, 276 F.3d at 1279; *Holifield*, 115 F.3d at 1564, n.6.  In addition, the record before the court is devoid of admissible or potentially admissible evidence, direct or otherwise, from which a reasonable fact finder could infer the requisite motivating factor nor do the circumstances, when taken as a whole, support making such an inference.  Consequently, the defendants are entitled to summary judgment on the retaliation claim as Malone fails to set forth any evidence indicating the existence of a causal relationship between the alleged protected activity and the decision to deny parole.

**B.  State Statutes**

1.  *Ala.Code* § 15-22-25(b) - Failure to Obtain Report.  Section 15-22-25(b) of the Alabama Code directs that the Alabama Board of Pardons shall not act on any application for parole absent "an investigation of the prisoner's social and criminal record . . . and a report thereof made a part of the prisoner's file."  Malone makes a specious and unsupported allegation that "the Board exceeded their authority by statutory definition in failing to obtain and review such a report" prior to denying him parole.  *Amended Complaint - Doc. No 12* at 2.  Malone has no personal knowledge of the documents reviewed by the defendants during the parole consideration process.

The defendants who participated in the May 19, 2010 parole decision deny this allegation and assert that prior to issuing the decision to deny parole they reviewed Malone's file which "contained all the requisite information (investigations required by statute) necessary for the Parole Board to have jurisdiction to take action in his case."  *Defendants' Exhibit B (Aff. of Cliff Walker) - Doc. No. 26-1* at 2 and *Defendants' Exhibit D (Aff. of Robert P. Longshore) - Doc. No. 26-1* at 6.  In addition, the institutional parole officer assigned to Malone's case affirms that he interviewed Malone in early May of 2010 and the "investigation report was completed on May 10, 2010 . . . .  The report was placed in Mr. Malone's file prior to his parole hearing on May 19, 2010."  *Defendants' Exhibit E (Aff. of (Phil Bryant) - Doc. No. 26-1* at 8.

Other than his self-serving, conclusory allegation that the defendants denied him parole absent review of the investigative report, Malone presents no evidence to support this

claim.  The probative evidentiary materials submitted by the defendants refute this allegation.
The defendants are therefore entitled to summary judgment on this claim.

2. *Ala. Code* § 15-22-20 - Members of the Board.  This code section requires that the
Alabama Board of Pardons and Paroles consist of three members.  Malone appears to argue
that because only two board members voted to deny him parole the parole board lacked a
third member.  This assertion is without merit.  Initially, the parole documents contained in
the record demonstrate that the Alabama Board of Pardons and Paroles consisted of three
members, Bill Wynne, Robert P. Longshore and Cliff Walker, during the period of time
relevant to this case.  In addition, decisions regarding parole are determined "by a majority
vote of the board . . . ." *Ala. Code* § 15-22-28(d).  Thus, the fact that the challenged decision
to deny parole was based on the votes of two board members fails to provide any support to
Malone's argument.  Moreover, the denial of parole by two members of the board constituted
the majority vote required by state law.  It is therefore clear that Malone's challenges to the
number of parole board members and the majority vote for denial of parole lack an arguable
basis and summary judgment is therefore due to be granted in favor of the defendants.

## C.  Due Process

To the extent the arguments presented by Malone implicate a denial of due process
arising from the decision to deny him parole, it is clear that this claim entitles Malone to no
relief.

Section 15-22-26 of the Alabama Code governs the authority of the Alabama Board

of Pardons and Paroles to grant parole to inmates.  The pertinent portion of this statute reads as follows:

> No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society . . . .

*Ala. Code* § 15-22-26.  "The Alabama [parole] statute . . . calls for discretionary rather than mandatory action on the part of the board.  The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination.  It does not contain any language that mandates parole . . . .  When the statute is framed in discretionary terms there is not a liberty interest created."  *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982).  This court's exhaustive review of the history of the Alabama parole statute likewise establishes that from its inception the statute has been framed in discretionary terms.  The law is well settled that "[t]he mere possibility of parole provides simply 'a hope that is not protected by due process . . .' *Greenholtz,* 442 U.S. at 11, 12, 96 S.Ct. at 2105, 2106 (1979) . . . .  [Moreover], the Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole.  *See Thomas v. Sellers,* 691 F.2d 487 (11th Cir. 1983)."  *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987).

> Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). In *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws. The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission*, 674 F.2d 847 (11th Cir. 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date."

*Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir. 1982).

Malone does not possess a liberty interest in being granted parole that is protected by the Due Process Clause. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-42; *Thomas*, 691 F.2d at 488-89. Thus, the procedural due process protections of the Fourteenth Amendment do not apply to either the parole decision making process. *Id*.

Federal courts no longer ascertain whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion" but must instead look to the nature of the deprivation to determine if a state created a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). As previously noted, an Alabama inmate has no liberty interest in parole protected by the Due Process

Clause.  Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause[,] . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id*.  "Since an inmate [seeking release on parole] is normally incarcerated in prison, [the plaintiff's remaining in prison] did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest."  *Asquith v. Department of Corrections*, 186 F.3d 407, 412 (3d Cir. 1999).

Nevertheless, even though there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action."  *Thomas*, 691 F.2d at 489.  The parole defendants maintain that they denied parole to Malone because they were not persuaded that Malone presented an acceptable risk for release on parole.  The decision of the parole board members with respect to Malone demonstrates reasonable and appropriate action, *Hendking v. Smith*, 781 F.2d 850, 853 (11th Cir. 1986), rationally related to the legitimate state interest of ensuring that only those inmates best suited for parole are actually granted this privilege.  *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988).  Malone has therefore failed to present any evidence indicating arbitrary or capricious action on the part of the Alabama Board of Pardons and Paroles.

17

Consequently, the motion for summary judgment with respect to a denial of due process is due to be granted in favor the defendants.

### D.  Equal Protection

Malone, whose current conviction is for trafficking in crack cocaine, asserts that the manner in which the defendants exercised their discretionary authority to deny him parole is unconstitutional because they have granted parole to other inmates convicted of felony offenses more serious than his conviction and/or whose disciplinary records are worse than his record.  *Amended Complaint - Doc. No. 12* at 3.  The court construes this assertion as one alleging a violation of Malone's equal protection rights.

In order to establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.  *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)."  *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-19 (11th Cir. 2006).  Additionally, to succeed on an equal protection challenge, the plaintiff must also demonstrate the existence of discriminatory intent; arbitrary application of parole statutes or regulations without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause.  *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir.

1987).  "[O]fficial action will not be held unconstitutional solely because it results in a . . .

disproportionate impact . . . .  Proof of . . . discriminatory intent or purpose is required to

show a violation of the Equal Protection Clause."  *Village of Arlington Heights v.*

*Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-65 (1977).  "'Discriminatory

purpose' . . . implies more than intent as volition or intent as awareness of consequences.  It

implies that the decision maker . . . selected . . . a particular course of action at least in part

'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group."

*Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and

citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  In a case such

as this one, where the plaintiff challenges actions of parole officials, exceptionally clear

proof of discrimination is required.  *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d

1307, 1310 (11th Cir. 1988).  Evidence which merely indicates disparity of treatment is

insufficient to show discriminatory intent.  *McKleskey v. Kemp*, 481 U.S. 279 (1987).

Since this case is before the court on a properly supported motion for summary

judgment from the defendants, Malone bears the burden of producing some evidence to show

that the actions of the defendants resulted from intentional discrimination.  *Celotex*, 477 U.S.

at 322-24; *Waddell*, 276 F.3d at 1279.  Malone utterly and completely fails to meet this

burden as he has offered no evidence identifying any other similarly situated inmate, i.e., an

inmate convicted of a similar offense with a comparable prison record and a previous failure

on parole, who has received more favorable treatment from the defendants.  *Brunskill v.*

19

*Boyd*, 141 F. App'x 771, 776 (11th Cir. 2005).  Furthermore, Malone does not allege and the record is likewise devoid of evidence that the defendants subjected him to adverse treatment based on some constitutionally impermissible reason.  Finally, it is clear from the undisputed evidentiary materials that the defendants refused to grant Malone parole based on their determination, after reviewing his records, that he did not warrant release into society. *Defendants' Exhibit K (Aff. of Robert P. Longshore) - Doc. No. 24-1* at 1-2 and *Defendants' Exhibit L (Aff. of Cliff Walker) - Doc. No. 24-1* at 3-4.  In light of the foregoing, summary judgment is due to be granted in favor of the defendants on Malone's claim of unconstitutional discrimination.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be granted;

2.  Judgment be GRANTED in favor of the defendants;

3.  This case be dismissed with prejudice; and

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before **May 17, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of May, 2013.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE